**SPAGNOLA, Plaintiff-Appellant, v. RAYBURN, County Auditor et,
Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3799.   Decided October 6, 1955.

300

William B. Spagnola, Youngstown, for plaintiff-appellant.
W. P. Barnum, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, PJ.

Plaintiff in the court of common pleas, and appellant here, an owner of land situated in Youngstown, sought to enjoin the levy of an assessment made by the Court of Jurisdiction, which is so identified here, upon all the real property situated in that city to pay for the cost of constructing a new Berlin Meander pipe line of the Mahoning Valley Sanitary District. It is not an action complaining of the allowance of compensation or damages for any specific land taken from him for the improvement.

Provision for such assessment was made in Amendment Number I, and was based upon an appraisal of benefits approved by an order of the Court of Common Pleas sitting on March 19, 1953, as a Sanitary District Court. The order of March 19, 1953, followed a report of a Board of Appraisers on allocation of benefits as between the cities of Youngstown and Niles, Ohio.

Plaintiff based his appeal to this court on questions of law upon the following assigned grounds of error:—

"1. The court of common pleas erred in finding that the appellant failed to sustain his claims as made by the proper degree of proof, and in rendering judgment in favor of the appellees and dismissing plaintiff-appellant's case.

"2. The court of common pleas erred in holding that the Court of Jurisdiction having entered a final order and decree on September 29, 1952, approving the Report of the Board of Appraisers in connection with Amendment No. 1 of the Official Plan of The Mahoning Valley Sanitary District, could thereafter vacate this final order and decree and enter a second final order and decree on March 19, 1953, approving the revised report in connection with said Amendment No. 1.

"3. The court of common pleas erred in ruling that the Court of Jurisdiction of The Mahoning Valley Sanitary District could enter its second final order and decree of March 19, 1953, without legal publication of the Amended Report of the Board of Appraisers approved in said order and decree of March 19, 1953."

By brief appellees state:—

"Since the above case was tried in the Court of Common Pleas of Mahoning County, Ohio, and the appeal therefrom on questions of law by the plaintiff-appellant, former defendant D. L. Evans of Niles, Ohio, has died, and W. F. MacQueen of Niles, Ohio, has been appointed in his place and to serve out his unexpired term. Defendants-appellees, therefore, respectfully suggest the death of defendant D. L. Evans and request the substitution of W. F. MacQueen in his place."

This court grants such request and W. F. MacQueen is substituted as party defendant in this appeal in the stead of D. L. Evans, deceased.

Plaintiff based his suit in the trial court on the grounds first that the order of March 19, 1953, was invalid because no notice of hearing upon the report of the Board of Appraisers was published as required by §6115.34 R. C., requiring the Clerk of the Court of Common Pleas to publish notice of the filing of the appraiser's report.

The original report of the Board of Appraisers on the allocation of benefits between the two cities was filed on December 7, 1951, and it was conceded that proper publication of notice of hearing was made in connection therewith and was approved by the court on September 29, 1952.

The Court of Jurisdiction acted under the provisions of §6115.35 R. C., which provides:—

"The court may, if it deems necessary, return the report to the board for its further consideration and amendment, and enter its order to that effect. If the appraisal roll as a whole is referred back to the board, the court shall not resume the hearing thereof without new notice, as for an original hearing thereon. The court may, without losing jurisdiction over the roll, order the board to recast the roll when the order of the court specifies the precise character of the changes thereof."

On December 10, 1952, the court of jurisdiction vacated the order of September 29, 1952, and returned the report to the Board of Appraisers for further consideration and report. The Board of Appraisers filed an amended report on December 15, 1952, which changed the allocation of benefits between the cities of Youngstown and Niles. The invalidity claimed by plaintiff here, as in the trial court, is that no notice of hearing on the amended report was published.

In his opinion the trial judge said:—

"The court, in its order of December 10, 1952 (Exhibit 37) in returning the report for further consideration and amendment, stated its purpose that the Board reconsider the allocation of benefits between Youngstown and Niles in order to avoid as far as possible any variable or fluctuating factors in determining said apportionment. The court (1) ordered a further recast to apportion the total benefits of the construction of amendment No. 1 between said member cities in such a way as will avoid as far as possible any variable and fluctuating factors during the life of the bonds to be issued to pay for the improvements in said amendment No. 1, a period of approximately 20 years. (2) Recommended that in considering the various factors bearing upon the allocation of benefits between the member cities the appraisers give consideration to a former determination of the court that tax values be weighted at 36% and water consumption at 64% and (3) directed the Board to allocate total benefits as between the member cities as deemed just and equitable under the facts as they find them to exist."

In disposing of the first ground of plaintiff's action the trial judge said in his opinion, in which statement we concur:—

"The purpose of the above quoted language in §6115.35 R. C. is to

state the circumstances under which there need be no further publication of notice of hearing when the report is returned to the Board for further consideration and amendment. There need be no such further notice when the court's order specifies the precise character of the changes. In my judgment, the order of December 12 specified the precise character of the changes i. e. to avoid variable and fluctuating factors and to weight tax values at 36% and water consumption at 64%. The statute does not say that the precise changes be specified but that the precise character of the changes be specified. The Board's direction to allocate factors justly and equitably on the facts is no more than a direction to the Board to do its work as specified justly and equitably. It is not the equivalent of returning the roll as a whole for further consideration without specifying the precise character of the changes to be made. It is therefore my conclusion that the first ground for an injunction relied on by plaintiff is without merit."

In the second ground of his action filed in the trial court plaintiff charged that court with being without power to make the order of March 19, 1953, approving the report of the board of appraisers upon which the assessment levy would be based.

Plaintiff claimed in the court of common pleas, and claims here, that the order of September 29, 1952, approving a prior report of the board exhausted the jurisdiction of the court of jurisdiction with respect to the approval of benefits under Amendment No. I of the plans of the district, and that such court was without power to vacate that order, as it purported to do on December 10, 1952, the court being one of special and limited jurisdiction, and the act creating it not having given it power to vacate.

Plaintiff argues that the court of jurisdiction being a special statutory court may not exceed the powers specifically conferred upon it by statute; that it does not sit regularly; observes no terms of court and takes cognizance of a few specified matters only and has no power beyond the performance of such specified duties; and that accordingly such court cannot vacate or change its own final judgment.

Plaintiff supported his argument in the court of common pleas, as he supports it here, by the decision of this court in the case of **Ohio Water Service Company v. Mahoning Valley Sanitary District**, Mahoning Appeals No. 3329, in which this court affirmed a decision of the court of jurisdiction maintaining that it was a court of special and limited jurisdiction.

In disposing of that argument the trial judge said in his opinion, in which statement we likewise concur:—

"But there is a clear distinction between the issue there involved and the one before me. In that case the subject matter of the petition i. e. a declaration of rights, is not within the powers conferred upon the court by the Sanitary District Act. Here the court was acting within powers specifically conferred by the act, namely, the approval of a report of the Board of Appraisers under §6115.35 and .36 R. C. The question here is not one of jurisdiction at all; jurisdiction means the legal right

to hear and determine a cause. The question here is one of the court's power when it is acting within its jurisdiction.

"A court of common pleas under the Ohio Constitution has its jurisdiction fixed by law i. e. by legislative act. It has general jurisdiction in civil cases involving money, §2305.01 R. C. It has beyond that additional jurisdiction in particular cases not involving money, e. g. mandamus §2731.02 R. C. So here the Sanitary District Act §6115.01 R. C. confers jurisdiction upon the local Common Pleas Court or courts to establish Sanitary Districts and to determine other matters in connection therewith. Thus this additional jurisdiction is conferred by law under the Constitution upon a court of general jurisdiction which sits during terms of court. It continues to be a Court of Common Pleas, a court of general jurisdiction exercising a particular additional jurisdiction under the Sanitary District Act.

"In doing so, the court retains all of the procedural powers ordinarily exercised by it except as they may be modified by the act conferring the additional jurisdiction upon it. There being no limitation thereof in the Sanitary District Act, it retains its inherent common law power in its discretion to vacate its judgment within the term that they were rendered, when, as here, it is exercising a specific jurisdiction conferred upon it.

"Therefore, it is my conclusion that the court had power in its discretion to vacate its order of September 29, 1952, on December 10th of the same term of Court and there can be no question of the validity of the order of March 19, 1953, upon which the levy of assessment will be based.
"* * *

"Judgment will be entered for defendants dismissing plaintiff's petition at plaintiff's costs."

Arguing the question of res judicata counsel for defendants states by brief, in which statement we concur:—

"It seems to the writer that the principles and rules of res judicata as set forth in the authorities apply in full to the instant case. We have the same parties. The cause of action is the same even though the case at bar is dressed up as an equitable action. The same legal questions are involved—the legality and validity of the recommendations as contained in the appraisers' report and as set forth in the judgment, order and decree of the Court of Jurisdiction.

"The appellant is bound beyond any doubt by the determination as made by the Court of Jurisdiction. There is no claimed fraud or collusion on the part of any member or members of the Court of Jurisdiction. There is no question about their jurisdiction of the subject matter upon which they made their determination because it is subject matter set forth in the Sanitary District Act.

"Judgment as rendered by the Court of Jurisdiction is a complete bar to the present action.

"Appellant in the instant case is using a so-called equitable remedy to accomplish nothing more or less than an appeal or an overruling of the judgment of the Court of Jurisdiction whose judgment is conclusive.

"In conclusion, defendants-appellees respectfully contend that plaintiff-appellant has failed to offer any substantial evidence to support his claimed cause of action; that the rule of equity must follow the law necessarily defeats the plaintiff-appellant; that the Court of Jurisdiction is but a Court of Common Pleas having jurisdiction of the Sanitary District; and that such court has original and exclusive jurisdiction thereof; that no publication was required by law of the amendments of the so-called recasts having to do with the apportionment of costs as between the two cities; and that by all rules under the doctrine of res judicata judgment herein must be in favor of defendants-appellees."

For the reasons stated it is obvious that we find no error prejudicial to the plaintiff in any of the respects urged in his assigned grounds of error, nor arguments orally, nor by brief.

Accordingly, the judgment of the trial court must be and hereby is affirmed for the reasons stated and on the reasoning set forth in the opinion of the trial judge quoted herein.

NICHOLS and GRIFFITH, JJ, concurs.